# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ALAN HESSE,<br><br>                Plaintiff,<br><br>v.<br><br>CASE NEW HOLLAND<br>INDUSTRIAL, INC.,<br><br>                Defendant. | Case No. 20-CV-1267-JPS<br><br>**ORDER** |

### 1. BACKGROUND

In August 2020, Plaintiff brought this action, in which he seeks relief under the Employee Retirement Income Security Act of 1974 ("ERISA") 29 U.S.C. § 1001, et seq. (Docket #1). Now before the Court is Defendant's fully briefed motion to dismiss Plaintiff's complaint. (*See* Docket #4, #5, #9, #10). For the reasons explained in the balance of this Order, the Court will grant Defendant's motion and dismiss this action without prejudice.

### 2. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of complaints that "fail[] to state a claim upon which relief can be granted." To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016)

(citation and alteration omitted). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). When reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81. However, the Court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (citing *Iqbal*, 556 U.S. at 663).

### 3. RELEVANT FACTS

Plaintiff is a retiree and participant in the CNH Industrial U.S. Pension Plan (the "Plan"). (Docket #1 at 2). He began receiving monthly benefit payments from the Plan in 1999. (*Id.* at 3). On January 30, 2020, Defendant wrote Plaintiff a letter, in which Defendant explained that, as the result of a recent internal audit, Defendant discovered that it had been overpaying Plaintiff since 1999. (*Id.* at 2). As of the date of the letter, Defendant's overpayments to Plaintiff totaled $15,640.04. (*Id.*)

To begin recouping the alleged overpayments, on February 1, 2020, Defendant reduced Plaintiff's monthly benefit by $63.32. (*Id.*) In response, Plaintiff stated his intent to appeal Defendant's determination and requested the Plan documents from Defendant. (*Id.*) After Defendant did not respond to Plaintiff's inquiry, Plaintiff's counsel sent a letter to Defendant "advising that the delay in asserting the overpayment recovery . . . was unreasonable due to the delay in time that had passed." (*Id.*) After Defendant failed to respond, Plaintiff's counsel sent a second letter, in which he reasserted Plaintiff's position that Defendant's delay was unreasonable and stated that Defendant should not decrease Plaintiff's

monthly benefit to recoup Defendant's overpayment. (*Id.*) On May 15, 2020, Defendant addressed Plaintiff's appeal and upheld its decision to recover the overpayments. (*Id.*) In light of its decision, Defendant reduced Plaintiff's June 2020 retirement benefit payment by $63.32. (*Id.* at 3). Shortly thereafter, Plaintiff brought this action. (*Id.*)

Plaintiff claims that, pursuant to the doctrine of laches, Defendant (1) waived any entitlement to overpayment recovery; (2) must reimburse Plaintiff for any overpayments Defendant recovered thus far; and (3) is enjoined from any further repayment recovery. (*Id.* at 5). Plaintiff also alleges that Defendant "is estopped from asserting or collecting any further overpayment recovery from the Plaintiff or his beneficiaries, to the extent any beneficiary is entitled to payments after [Plaintiff's] death." (*Id.* at 7). In its brief in support of its motion to dismiss, Defendant notes that Plaintiff does not allege that "[Plaintiff] was entitled to the overpayments under the Plan[]" nor that "the Plan terms prohibit [Defendant] from recouping the overpayments." (Docket #5 at 1). Defendant argues that (1) to the extent Plaintiff brings state law claims, such claims are pre-empted by ERISA; and (2) Plaintiff otherwise fails to state federal common law claims that comport with the requirements of Federal Rule of Civil Procedure 12(b)(6). (Docket #4 at 1).

In his response, Plaintiff clarifies that he seeks "equitable relief" under 29 U.S.C. § 1132[1] and that, even if Plaintiff's causes of action were

---

[1]Specifically, Plaintiff protests that he has alleged a claim for "'other appropriate equitable relief' under ERISA's enforcement statute 29 U.S.C. § 1132(c)." (*See* Docket #9 at 2–3). However, that section does not provide for equitable relief. Both the Court and Defendant understand Plaintiff to be seeking equitable relief pursuant to § 1132(a)(3)(B), and, therefore, the Court analyzes the

based in state law, "those claims are converted to Federal claims cognizable under ERISA." (Docket #9 at 2). Defendant replies that Plaintiff has failed to state a claim for equitable relief under § 1132(a)(3)(B). (Docket #10 at 1). Defendant also reiterates its argument that Plaintiff has failed to state any federal common law claims. (*Id.* at 2–6).

4.  **ANALYSIS**

The Court is obliged to dismiss this action because Plaintiff has ultimately pleaded himself out of court. Under ERISA, "[a] civil action may be brought . . . by a participant . . . to obtain other appropriate equitable relief to redress [violations of ERISA or of the terms of a plan] or . . . to enforce any [ERISA provision] or the terms of the plan." 29 U.S.C. § 1132(a)(3)(B). Notably, Defendant has not pleaded that Plaintiff, in seeking to recoup and recouping the overpayments, violated either ERISA or the Plan. The Court directs the parties to a Seventh Circuit decision, *Kolbe & Kolbe Health & Welfare Benefit Plan v. Medical College of Wisconsin, Inc.*, 657 F.3d 496 (7th Cir. 2011), that makes clear that Plaintiff's failure to allege that Defendant violated ERISA or the Plan forecloses Plaintiff from bringing his claims in federal court.

In *Kolbe*, the plaintiffs, a health plan and an employer who administered the health plan, sued the defendants, medical care providers, to recover amounts that the plaintiffs erroneously paid to the defendants. *Id.* at 498. Specifically, the plaintiffs had paid money to the defendants on behalf of an employee and plan participant's child; however, due to the employee's failure to properly fill out paperwork, his child was never

---

Plaintiff's arguments accordingly. Throughout this Order, the Court refers to § 1132 and ERISA § 502 interchangeably.

covered by the plan. *Id.* at 499–500. To be sure, the plan contained a "Right to Request Overpayments" provision, which permitted the plan to recover against "Covered Persons" if "the Plan has paid them or any other party on their behalf." *Id.* at 499–500. According to the plan's documents, a Covered Person must either be an employee or an employee's dependent who was enrolled in the plan. *Id*. at 500.

The plaintiffs brought a claim for equitable relief under 29 U.S.C. § 1132(a)(3). *Id.* However, "the premise of [the plaintiffs'] allegation is that [the employee's daughter] is not and never was a Covered Person," and, thus, she was ineligible for plan coverage. *Id.* at 502. Because the plan sought to recoup money from the hospital that it had paid out on behalf of an uncovered person, the Seventh Circuit determined that "the 'term' of the Plan that plaintiffs allegedly seek to 'enforce' through § 502(a)(3) has nothing to do with this suit." *Id.* at 503. The court reasoned that because "plaintiffs are seeking equitable relief to enforce a term of its [sic] Plan that by its [sic] own allegations was never violated and cannot be enforced with regard to the medical treatment [the uncovered person] received," the plaintiffs' case was not to enforce the terms of a plan under § 1132(a)(3)(B) or even ERISA. *Id.*

Like in *Kolbe*, Plaintiff is seeking equitable relief from Defendant under ERISA, without alleging that Defendant ever violated either ERISA or the Plan. Moreover, Plaintiff does not allege that either ERISA or the Plan prohibit Defendant from recouping payment from Plaintiff. The Court agrees with Defendant's counsel that Plaintiff tacitly admits that, pursuant to the Plan, Defendant is entitled to recoup the benefits paid to him. (*See generally*, Docket #1). By bringing this action for equitable relief, Plaintiff requests that the Court require Defendant to violate the Plan by not

recouping any overpayments. *Kolbe* makes clear that a violation of either ERISA or an ERISA-covered plan's terms is a requirement for one to obtain relief under § 1132(a)(B)(3). Based on the foregoing, the Court finds that Plaintiff has failed to state a claim under applicable federal law upon which relief may be granted.

Plaintiff's failure to state a § 1132(a)(3)(B) claim is, undoubtedly, the end of the matter. Yet, the Court finds it prudent to make clear that without any basis in ERISA, the Court need not evaluate whether Plaintiff has sufficiently pleaded any federal common law claims.[2] Surely, "in interpreting the provisions of ERISA, federal courts are charged with the responsibility of fashioning a federal common law to deal with issues involving rights and obligations under private welfare and pension plans." *Buckley Dement, Inc. v. Travelers Plan Adm'rs of Ill.*, 39 F.3d 784, 789 (7th Cir. 1994) (quotations and citation omitted). However, because "ERISA is a comprehensive and reticulated statute . . . . The Court has therefore been especially reluctant to tamper with the enforcement scheme embodied in the statute by extending remedies not specifically authorized by its text." *Kolbe*, 657 F.3d at 503 (quotations, citations, and internal alterations omitted).

In *Kolbe*, the plaintiffs argued that they had satisfactorily alleged claims of unjust enrichment under the federal common law of ERISA. *Id.*

---

[2]In its reply, Defendant recognizes that because Plaintiff does not allege that Defendant violated the Plan or ERISA, "Section 1132 therefore provides no cause of action for [Plaintiff]." (Docket #10 at 1–2). Nevertheless, Defendant also argues (perhaps, in the alternative) that Plaintiff has failed to state an ERISA federal common law claim for estoppel or laches. Based on *Kolbe*, which neither party brought to the Court's attention, because Plaintiff did not allege a violation of § 1132(a), Defendant's arguments regarding federal common law are superfluous.

The Seventh Circuit reminded the parties that, because the employee's daughter was not covered by the plaintiffs' plan, the plan was not at issue. *Id.* at 504. Accordingly, it followed that "there [was] no need to interpret the provisions of ERISA and develop federal common law under ERISA." *Id.* Similarly, because Plaintiff has not alleged that Defendant violated ERISA or an ERISA-covered plan, the Court does not need to determine whether Plaintiff has adequately stated any federal common law claims, nor does the Court need to develop the same.

This leaves Plaintiff with potential state law claims for equitable relief.[3] Notably, Defendant pointed out that "[t]o the extent [Plaintiff] asserts either laches or estoppel based on state law, his claims are preempted." (Docket #5 at 3). Defendant quotes 29 U.S.C. § 1144(a), which states that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ." *Id.* In other words, "ERISA . . . preempts a state law claim if the claim requires the court to interpret or apply the terms of an employee benefit plan . . . ." *Collins v. Ralston Purina Co.*, 147 F.3d 592, 595 (7th Cir. 1998). The Court employs the two-part analysis regarding complete preemption, as set forth by the Supreme Court in *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 210 (2004): "if an individual, at some point in time, could have brought his claim under ERISA § 502(a)[ ] and where there is no other independent legal duty that

---

[3]The Court does not address the parties' arguments regarding whether the "doctrine of laches," which Plaintiff purports to bring as a claim for relief in this case, is an affirmative defense.

is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)[ ]."[4]

Because Plaintiff could not have brought his claims, as alleged in his complaint, under ERISA, he has not satisfied the first prong of the *Davila* test. *See Franciscan Skemp Healthcare, Inc. v. Cent. States Joint Bd. of Health § Welfare Tr. Fund,* 538 F.3d 594, 597–98 (7th Cir. 2008) (finding that the plaintiff's negligent misrepresentation and estoppel claims were not preempted by ERISA because they "did not arise from the plan or its terms," and were based on a "wrong not within § 502's scope."); *cf. Kolbe*, 657 F.3d at 504 (a pre-*Davila* decision finding that the plaintiffs' state law claims were not preempted by ERISA because that case "[did] not require interpreting or applying the Plan, nor [did] it relate to the Plan in any significant way."). Because Plaintiff does not satisfy the first prong of the conjunctive *Davila* test, the Court does not evaluate Plaintiff's claims under the second prong.

## 5.     CONCLUSION

Clearly, Plaintiff's failure to allege that Defendant violated ERISA or the terms of the Plan is the end of the road in federal court for Plaintiff. Pursuant to both Seventh Circuit and Supreme Court precedent, he has failed to state a claim under § 1132(a)(3)(B). Further, because he has failed to allege an ERISA or Plan violation, there is no reason for the Court to develop or analyze Plaintiff's claim as one under federal common law, nor

---

[4] Although, in *Davila*, the Supreme Court analyzed whether the plaintiffs' claims were preempted by ERISA § 502(a)(1)(B), the Court also made clear that "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy [as enumerated in § 502(a)] conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." 542 U.S. 209–10.

are Plaintiff's state law claims preempted by ERISA. Without a federal law claim, this Court has no subject-matter jurisdiction. Therefore, the Court will grant Defendant's motion to dismiss, (Docket #4), and will dismiss this action without prejudice.

Accordingly,

**IT IS ORDERED** that Defendant's motion to dismiss (Docket #4) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 30th day of July, 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge